SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2011 MAY 18 AM 10:19
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

------------------------------------------------------------X

VINCENT COLEMAN

          Plaintiff,

   - against -

THE CITY OF NEW YORK, P.O. MELISSA D. LENTO,
P.O. MARGARET MERENDINO, SGT TINA JERO, and
JOHN DOES A-F the name "Doe" being fictitious and intended
to represent those supervisors or other decision makers who
set or determined the policy, practice or decision for the
CITY OF NEW YORK to maliciously and falsely prosecute
Plaintiff,

          Defendants.

------------------------------------------------------------X

COMPLAINT

CV11-2394

JURY TRIAL DEMANDED

VITALIANO, J.

J. ORENSTEIN, M.J.

Plaintiff, by his attorneys, *The Law Offices of MICHAEL P. MANGAN LLC.*, for his Complaint against the Defendants, allege, at all times material herein, that:

## NATURE OF THE ACTION

1) This is a Civil Rights Action for false arrest, malicious prosecution and abuse of process by Plaintiff Vincent Coleman, a former New York City Police Detective. Vincent Coleman was arrested on January 15, 2009 after a traffic stop, and he was falsely charged with felonious assault, and multiple other charges. The Police Officers, in apparent retaliation for what they perceived to be discourtesy, falsely asserted that Mr. Coleman struck and injured a police officer with his Jeep Grand Cherokee. The arresting police officers quickly dropped the felony charges, but maintained misdemeanor charges until they were finally dismissed in December 2010. The City of New York took possession of Mr. Coleman's Jeep Grand Cherokee as an alleged instrument of a crime after the arrest, and commenced an abusive civil property-forfeiture action against Mr Coleman. As of the date of this complaint, the City of New York maintains its possession of the vehicle and has refused to dismiss the frivolous civil action.

## VENUE AND JURISDICTION

2) This action is brought pursuant to 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to New York State tort law and the New York State Constitution.

3) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

4) Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## PARTIES

5) Plaintiff VINCENT COLEMAN is a resident of the State of New York, County of Kings.

6) Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

7) Upon information and belief, Defendant P.O. MELISSA D. LENTO, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in her official and individual capacities.

8) Upon information and belief, Defendant P.O. MARGARET MERENDINO, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in her official and individual capacities

9) Upon information and belief, Defendant SGT TINA JERO, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in his official and individual capacities

10) Defendants "John Does" are, upon information and belief, New York City Police Supervisors, Commissioners and other employees of the City of New York, who decided and/or set policies and practices that lead to the malicious prosecution and abuse of process against Plaintiff.

11) All individual defendants are being sued in their individual capacities, and all were acting under the color of law at all times alleged herein.

12) The City of New York (the "City") at all times material herein was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, detectives, supervisors, agents and/or employees of the New York City Police Department.

## FACTS

13) On January 15, 2009, at or about 8:45 A.M., Vincent Coleman was driving in his Jeep Grand Cherokee, when he was pulled over by N.Y.P.D. officers, defendants P.O. Lento and P.O. Merendino, for making a left turn into an intersection, when he had the green light, and the traffic in the opposite lane was moving slowly.

14) Vincent Coleman pulled over to the side of the road on Sterling Place, rolled down his driver's side window, and waited for the officers to come to speak to him.

15) Defendant Police Officer Merendino came to Vincent Coleman's window and began yelling at him. Vincent Coleman remained calm, and showed P.O. Merendino a card issued to him by the City of New York, indicating that he was a retired N.Y.P.D. detective.

16) After seeing the retired detective card, Merendino then told Vincent Coleman that he was free to leave, and she did not issue him a ticket for violating any traffic law.

17) After releasing Vincent Coleman without a ticket, Merendino made insulting remarks about Vincent Coleman's driving, which were made loudly enough so that Mr. Coleman could hear them. Mr. Coleman responded, through his open drivers-side window, by saying that he disagreed with her.

18) Following Mr. Coleman's objection, Merendino re-approached Vincent Coleman's car.

3

19) According to the criminal complaint, Officer Lento alleges that after releasing Vincent Coleman, he drove away and the two officers drove behind him in their vehicle and pulled Mr. Coleman over a second time.

20) According to the criminal complaint, during the second encounter, Officer Merindino approached Mr. Coleman's driver-side window and asked for his license and registration a second time, for the same alleged offence for which he had been released. .

21) During the second discussion with Officer Merendino, Vincent Coleman requested that Officer Merendino call her supervisor, and she complied with this request.

22) At some point, while waiting , Mr. Coleman decided that the officers were engaged in an unlawful stop solely for the purpose of harassing him, and fearing that Officer Merendino's anger might escalate, he drove away in the direction of where he knew an NYPD Supervisor was likely at post with which he was familiar.

23) Officers Lento and Merendino followed Mr. Coleman.

24) Mr. Coleman voluntarily pulled over near an outdoor police tower where he believed a Sergeant would be posted. The defendant police officers also stopped there.

25) Mr. Coleman remained in his car, while the police officers decided what to do.

26) Eventually, he was asked to exit the car, he was handcuffed and charged with a felony assault and several other charges.

27) Specifically, Officer Lento and Officer Merendino contended that Mr. Coleman struck Merindino with his drivers' side (collapsible) rear-view mirror, and knocked her down to the ground while driving away.

28) Both officer refused to appear for trial or for a criminal court ordered pre-trial hearings.

29) The criminal charges were eventually dismissed in December 2010 upon defendant's

speedy trial motion pursuant to Criminal Procedure Law 30.30. The Vehicle Traffic Law charges were also dropped and the criminal court issued an immediately sealed adjournment in contemplation of dismissal.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest Under the 4th and 14th Amendments
of the U.S. Constitution and 42 U.S.C. § 1983)

30) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

31) Plaintiff was falsely and unlawfully arrested, imprisoned, detained, searched and deprived of liberty against his will.

32) Defendants violated the protections guaranteed these plaintiffs as citizens of the United States by arresting, detaining, imprisoning, and kidnapping them without probable cause.

33) Defendants committed these false and unlawful arrests, imprisonments, detentions, searches and deprivations of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate the plaintiffs' rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the plaintiffs' rights, privileges and immunities secured by the United States Constitution.

34) All Defendants acted under color of law.

35) Defendants apprehended plaintiff based upon improper reasons.

36) The City of New York violated protections guaranteed plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

37) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who arrested, detained, imprisoned and humiliated plaintiff.

38) All defendants are liable for said damage and injuries pursuant to the Fourth and

Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

### AS AND FOR A SECOND CAUSE OF ACTION

(Malicious Prosecution/Abuse of Process
Under the 4th Amendment,
14th Amendment and 42 U.S.C. § 1983)

39) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

40) Defendants brought criminal charges against Vincent Coleman without probable cause. These charges were dismissed resulting in favorable terminations of the charges.

41) Defendants commenced the criminal action against plaintiff without probable cause and without legal or factual justification. This criminal was, upon information and belief, abandoned due to a lack of evidence to support the action, and based on false allegations invented solely for the purpose of punishing the plaintiff.

42) Defendants also commenced a civil action for forfeiture and continued that action knowing that the underlying factual allegations were false, and invented for the purpose of punishing the plaintiff. The civil action is and was an abuse of process by using legal process for improper purposes and without sufficient justification, or factual basis.

43) Defendants affected this malicious prosecution and abuse of process for a purpose other than that stated in the complaints and supporting affidavits. Defendants knew that the criminal action and the forfeiture action were frivolous and without basis, but was commenced with malice and for the purpose of retaliation to intentionally violate the plaintiff's rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the plaintiff's rights, privileges and immunities secured by the United States Constitution.

44) All Defendants acted under color of law.

45) The City of New York violated protections guaranteed plaintiffs as citizens of the United

6

46) States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

46) The City of New York violated protections guaranteed plaintiff as a citizen of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who commenced false charges against Vincent Coleman, and who commenced the false and frivolous actions against the plaintiff.

47) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

### AS AND FOR A THIRD CAUSE OF ACTION
(Conversion)

48) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

49) Defendants have held Plaintiff's car, Jeep Grand Cherokee, against his will and without a genuine basis to keep this property from plaintiff.

50) Defendants' act of holding plaintiff's property without returning it amounts to a conversion of the property.

51) Defendants are liable to Plaintiff for the cost of the converted property, as well as all additional costs that been incurred over the more than two years that plaintiff has not had access to the Jeep Grand Cherokee, including all out-of-pocket expenses and interest.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendants:

(a) special and compensatory damages in the amount of five hundred-thousand dollars ($500,000) dollars;

(b) punitive damages in the amount of five hundred-thousand dollars ($500,000)

dollar;

    (c)    reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988; and

    (d)    such other and further relief as to this Court seems just and proper.

Dated: New York, New York
May 16, 2011

*The Law Offices of*
**MICHAEL P. MANGAN LLC**

By: Michael P. Mangan
*Attorneys for Plaintiff*
160 Pearl Street, Suite 610
New York, NY 10005
(212) 248-2171